THE STATES OF MAINE AND MASSACHUSETTS *vs.* WEB-
STER & AL.

In actions brought jointly by the States of Maine and Massachusetts for injuries
to their common lands in Maine, no judgment can be rendered for costs, in fa-
vor of the defendant.

THE two States of Maine and Massachusetts having brought a
joint action of trespass *quare clausum fregit*, for cutting timber on
their common lands, in which a verdict was returned for the defend-
ants; the latter moved for judgment for their costs.

*Sprague*, for the defendants, supported the motion on the ground
that a judgment for costs resulted from the general provisions of *Stat.*
1821, *ch.* 59, *sec.* 17, giving costs in all cases to the party prevail-
ing. The legislature having made no exception, none ought to be
made. The difficulty of framing a writ of execution to collect
them, is no valid objection to the judgment itself. If the defend-
ants cannot collect their costs of Maine, this is no good reason why
Massachusetts should not pay them. *Mills v. Durgee*, 7 *Cranch.*
481; *United States v. La Vengeance*, 3 *Dall.* 297; *The Ante-
lope*, 12 *Wheat.* 546; *Sargeant's Const. law*, 88; *Cohens v. Vir-
ginia*, 6 *Wheat.* 264; *Stat.* 1821, *ch.* 59, *sec.* 1, 4.

The *Attorney General*, for the plaintiffs, cited 6 *Dane's Abr.*
582, *sec.* 7; *Rex v. Plunkett*, 3 *Burr.* 1329; *United States v.
Hooe*, 3 *Cranch.* 73; 1 *Cranch.* 259; 3 *Dall.* 301; 1 *Com. Dig.*
316; 1 *Chitty's Crim. law*, 283.

MELLEN C. J. delivered the opinion of the Court, at the ensu-
ing *June* term in *Washington.*

This is an action of trespass *quare clausum fregit* and a verdict
having been returned in favor of the defendants they move for judg-
ment for their costs. The motion is a novel one; and if we should
grant it, we could not, by any of our process, carry it into execu-
tion, and give to the defendants the fruits of the judgment. They
14

could be obtained only on petition to the legislatures of the respective States; and that can be done as well without as with such a judgment. The counsel has cited some expressions of the Supreme Court of the United States, that perhaps a judgment for costs might be entered against the United States; but it does not appear ever to have been done. It is said that though a State is not sueable, yet if such State sues an individual in a civil action, they then both stand on the same level, and judgment for costs ought to be entered against such State. Justice seems to require that the State in such a case should pay costs; but we are not aware that we can rightfully enter the judgment moved for. In the case of inquests of office, which are usually prosecuted for the benefit of individuals, there is a special statute provision for the payment of costs from the State Treasury; and this seems to be a legislative declaration that without such a provision, costs could not be demanded. It may be a very proper subject for the consideration of the legislature; and it is for them to adopt such measures as they may deem consistent with justice and sound policy.

*Motion denied.*